IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD EVANS, § | | |
| LISA EVANS, § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | Civil Action No. 3:16-cv-00547-M |
| § | | |
| ALLSTATE TEXAS LLOYD'S, § | | |
| § | | |
| *Defendant.* § | | JURY DEMANDED |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL MEDIATION**

TO THE HONORABLE BARBARA M.G. LYNN:

COMES NOW, Plaintiffs RONALD and LISA EVANS (the "EVANS"), and moves this Honorable Court to compel mediation in accordance with the timelines outlined in Section 541.161 of the Texas Insurance Code, and Section 17.5051 of the Texas Business and Commerce Code. In support of this motion, Plaintiffs would respectfully show this Court as follows:

**I.
BACKGROUND**

1.  The EVANS filed their Original Petition in Ellis County District Court on January 15, 2016. Plaintiffs' Original Petition sought relief under both Section 541.161 of the Texas Insurance Code and Section 17.5051 of the Texas Business and Commerce Code, among others.

2.  Citation and Petition were served on Defendant, ALLSTATE TEXAS LLOYD'S, ("Defendant") on January 29, 2016. Defendant filed its Original Answer on February 19, 2016.

3.       The EVANS filed their <u>Unopposed</u> Motion to Compel Mediation in Ellis County District Court on February 23, 2016 citing the above sections of the Texas Insurance Code and Texas Business and Commerce Code.  Under Texas law cited in that motion the court was to sign an order setting the time and place of the mediation no later than the 30th day after the motion was filed.  Under the same Texas law, the mediation was to be held not later than the 30th day after the date the order was signed.

4.       On February 26, 2016, Defendant removed this action to this Court.  In its removal documents, Defendant attached Plaintiff's Unopposed Motion to Compel Mediation and unsigned Order as Document 1, Attachment 6, Exhibit B-4.

## II.
## ARGUMENT AND AUTHORITIES

5.       Section 541.161 of the Texas Insurance Code and Section 17.5051 of the Texas Business and Commerce Code contain nearly identical language regarding compelling mediation.  Under both sections, a party may, not later than the 90th day after the date a pleading seeking relief under this subchapter is served, file a motion to compel mediation of the dispute.

6.       Under both sections, the court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

7.       Under both sections, the mediation must be held not later than the 30th day after the date the order is signed, unless, the parties agree otherwise, or the court determines that additional time not to exceed 30 days is warranted.

8.       Under both sections, the court shall appoint a mediator if the parties do not agree on a mediator.

9.       Under both sections, each party who has appeared in the action, except as agreed to by all parties who have appeared, shall participate in the mediation and share the mediation

fee, unless the amount of actual damages claimed is less than $15,000. If the amount of actual damages is less than $15,000, then a party may not compel mediation under unless the party seeking to compel mediation agrees to pay the costs of the mediation.

10. Defendant was unopposed to mediation under the timelines established by the above Texas statutes when the EVANS initially filed their motion to compel mediation in state court.

11. The Texas statutes governing the timelines on mediation cited above, do not conflict with Federal Rule of Civil Procedure 16, the rule that grants federal courts the authority to establish pretrial procedures, including when to order a case to mediation.

### III.
### APPLICATION

12. This motion is brought within 90 days after a pleading seeking relief under either Section 541.161 of the Texas Insurance Code or Section 17.5051 of the Texas Business and Commerce Code was served.

13. The EVANS believe the parties can agree on a mediator. If not, the EVANS ask that one is appointed by the Court.

14. The amount of actual damages is more than $15,000, so both Defendant and the EVANS shall participate in the mediation and share the mediation fee.

15. Defendant was unopposed to this motion when filed in state court, and therefore willing to abide by the timelines outlined in the Texas statutes cited above regarding mediation, before the case was removed to Federal Court.

16. As the Texas statutes governing the timelines on mediation cited above do not conflict with Federal Rule of Civil Procedure 16, it is within the Court's ability to order

mediation to take place according to the timelines outlined in Section 541.161 of the Texas Insurance Code, and Section 17.5051 of the Texas Business and Commerce Code.

## IV.
## CONCLUSION

17. The EVANS' motion is timely and satisfies the requirements of both Section 541.161 of the Texas Insurance Code and Section 17.5051 of the Texas Business and Commerce Code to compel mediation. Furthermore, is within the Court's ability and discretion to Court's ability to order mediation to take place according to the timelines outlined in the Texas statutes.

## V.
## PRAYER

18. WHEREFORE, PREMISES CONSIDERED, Plaintiffs RONALD and LISA EVANS respectfully pray this Court compel mediation of this dispute in accordance with Section 541.161 of the Texas Insurance Code, and Section 17.5051 of the Texas Business and Commerce Code, within 30 days of the filing of this motion, and grant them any such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
2611 Cypress Creek Pkwy, Suite H-200
Houston, Texas 77068
Telephone: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that I complied with the conference requirement. On March 10, 2016, I conferred with opposing counsel on the merits of the issues contained in this motion, and opposing counsel has indicated that the motion is <u>opposed</u>.

By: /s/ *Jesse S. Corona*
Jesse S. Corona

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2016, a true and correct copy of the foregoing was served on all counsel of record, via the below methods, as follows:

**Roger D. Higgins**
Thompson, Coe, Cousins & Irons, LLP
Plaza of Americas
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
rhiggins@thompsoncoe.com
<u>*Via Electronic Service*</u>

**John Reyna**
Thompson, Coe, Cousins & Irons, LLP
Plaza of Americas
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8218
Facsimile: (214) 871-8209
jreyna@thompsoncoe.com
<u>*Via Electronic Service*</u>

By: /s/ *Jesse S. Corona*
Jesse S. Corona